IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Tanae Taylor<br>a/k/a exotic dancer "Karizma"<br>2729 Round Road<br>Baltimore, MD 21225<br><br>   Plaintiff,<br><br>v.<br><br>PP&G, INC.<br>d.b.a. NORMA JEAN'S NITE CLUB<br>10 Custom House Ave<br>Baltimore, MD 21202<br><br>   and<br><br>LISA DIANE IRELAND<br>10 Custom House Ave<br>Baltimore, MD 21202<br><br>   Defendants. | Civil Action No. |

## COMPLAINT

Comes now the Plaintiff Tanae Taylor a/k/a exotic dancer "Karizma" ("Plaintiff") by and through her undersigned counsel, hereby files this Complaint against Defendant PP&G, INC ("Defendant") and Defendant LISA DIANE IRELAND is the Owner and Manager of PP&G, INC and/ or NORMA JEAN'S NITE CLUB ("Defendant") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA") and common law torts.

PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the Baltimore, MD.

2. Defendant PP&G, INC is an incorporated business formed under the laws of the

1

State of Maryland with its principal place of business in Baltimore, Maryland. Defendant LISA DIANE IRELAND is the Owner and Manager of PP&G, INC and/or NORMA JEAN'S NITE CLUB that set and enforced the rules relating to Plaintiff. Defendants are in the business of operating a strip club known as NORMA JEAN'S NITE CLUB semi-nude exotic female dancers. At all times during Plaintiff's employment with the Defendants, Defendants were responsible for setting the rules that Plaintiff was required to follow and determined Plaintiff's rate and method of pay. At all times relevant, Defendants were Plaintiff's "employers" for purposes of the FLSA.

3. At all times during the time that the Plaintiff worked at the Defendants' establishment, Defendants sold food, alcohol, Sodas, Red bull energy drinks, bottled waters, Gatorades or power aids, bags of chips to customers (which were bottled outside of Maryland). At all times during the time that the Plaintiff worked at the Defendants' establishment Defendants encouraged the Plaintiff and other dancers to let the customers know that the Defendants sold alcohol, food, Sodas, Red bull energy drinks, bottled waters, Gatorades or power aids, bags of chips for sale. So the Defendants and the Plaintiff were engaged in the handling and sale of commerce. At all times during the time that the Plaintiff worked at the Defendants' establishment, Defendants advertised to customers, including on the internet, who lived in the District of Columbia, Virginia, and Delaware and West Virginia to come to the club in Maryland. At all times during the time that the Plaintiff worked at the Defendants' establishment, Defendants' hired dancers who lived in the District of Columbia, Virginia, and Delaware and West Virginia. At all times relevant, Defendants qualified

as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).  At all times relevant, Plaintiff was an individual employee engaged in commerce or the sale or production of goods for commerce as required by 29 U.S.C. §§ 206-207.

4. During Plaintiff's employment, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).  At all times relevant, Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).  At all times relevant, Plaintiff was an employee engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

FACTS

5. Plaintiff was employed by Defendants from December 9, 2010 through December 9, 2013 as an exotic dancer. At all times, Plaintiff's primary job duty was as an exotic dancer at Defendants' Strip Club in Baltimore, Maryland. Defendants' Strip Club features nude exotic dancers. Plaintiff performs a duty that is central and integral to Defendants' business. Plaintiff possessed no specialized skill in dancing and the Defendants did not require any level of education or previous certification (such as, by way of example, completion of a pole dance class) before hiring Plaintiff or other dancers.

6. During her term of employment, from December 9, 2010 until December 9, 2013, Plaintiff regularly worked 10-12 shifts per week for a total of 50-70 hours per week.  From December 9, 2010 until December 9, 2013, Plaintiff was required to pay out $45 of her tips to the Defendants and an additional $20 if she was late for her shift. Plaintiff was required to entertain customers "according to means and methods prescribed by" management. The managers kept records of the lap-dances that Plaintiff preformed each day and night shift. Plaintiff was required to appear on stage to dance at fixed times, comply with a dress code and wear costumes in compliance with

3

management requirements. While in Defendants' employ, Defendants failed and refused to pay Plaintiff any wages for work duties performed.

7. Defendants required Plaintiff to pay the DJ (Disc Jockey) for the right to work at the club, $15 per night in DJ fees out of her tips.

8. The Defendants hired and fired dancers, determined what hours they worked, and hired its dancers based solely on whether they 'look good' rather than individual performance experience or talent. Many of dancers who have been hired by the Defendants have never danced at a club before, so they had zero experience in exotic dancing but were still hired based on looks alone and not any skill level. Defendants did not even require the newly hired dances to have a certificate of completion from a pole dance class.

9. Management at the club determines which dancers are going to work on any given shift; how many shifts they'll have in a day; how long each of the shifts are; what the dancers can/cannot dance to.

10. Plaintiff was required to follow all of the clubs rules and regulations and failure to follow the rules will result in suspension or termination.

11. The only money Plaintiff made at the club is from tips that they received from customers. They are then required to use her tips to pay the club their mandatory fees.

12. Plaintiff was required to pay DJ fees and clean up fees each day.

13. Plaintiff are required to pay the Defendant $20 to provide lap dances in the VIP area.

14. Plaintiff was not paid wages and under the minimum wage laws for tipped employees that she is owed unpaid wages.

15. Plaintiff did not share in the profits of the club.

16. During her employment at the Defendant's Strip Club, Plaintiff was completely dependent on

the "tip" income that she received from the customers at the club.

17. The management of the Club scheduled the times and days Plaintiff was to work.

18. The Defendants established the rates for the services that Plaintiff provided to customers of the Club. Plaintiff had no voice in any of the pricing for the services she provided.

19. Plaintiff was treated as an employee of the Club and she was required to attend mandatory meetings or she would be terminated.

20. Plaintiff did have to provide their own costumes for dancing, however Club management dictated the type of costumes they could wear.

21. Plaintiff's job was to entertain the customers of the Club. It was the Club's responsibility to bring in the customers. Defendants established all rules and policies from the hours the business would be open down to the songs they could dance to.

22. Plaintiff had no involvement in or responsibility for the operation of the business.

23. At all times, Plaintiff was an employee of Defendants and was never an independent contractor.

24. Notwithstanding that Defendants paid Plaintiff nothing for her hours worked each week; Defendants took deductions and withheld money from Plaintiff's tips. Additionally, Defendants charged Plaintiff with late fees and fines for arriving late to work.

25. A United States District Court Judge for the District of Maryland, Judge Roger W. Titus in Latoya Francis v. Ronald Hunt, et. al. RWT 04-cv-637 on February 2, 2005, has already ruled as a matter of law that an exotic dancer is an employee as that term is used in the Fair Labor Standards Act and relevant Maryland and District of Columbia statutes.

26. On Thursday evening, November 7, 2013, in *Unique Butler v. PP &G, Inc.* (WMN-13-430), Senior United States District Judge, William M. Nickerson, held that exotic dancers (or

"strippers") are employees, and not independent contractors, under the federal Fair Labor Standards Act (FLSA). Judge Nickerson also held that Defendant, a strip club, is liable to Plaintiff for Liquidated Damages Under the FLSA. This case is no different.

CAUSES OF ACTION
COUNT I
Violation of Federal Fair Labor Standards Act
(Minimum Wage)
(ALL DEFENDANTS)

27. Plaintiff re-alleges and reasserts each and every allegation set forth in Paragraphs 1-26 above, as if each were set forth herein.

28. Section 206(a)(1) of the FLSA provides that no employer shall employ any employee for an hourly wage of less than the federal minimum wage, currently $7.25 per hour.

29. At all times, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 206(a)(1), and Defendants were Plaintiff's "employers." Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff for all hours worked at an hourly rate not less than the Federal Minimum Wage.

30. At all times relevant, Defendants paid Plaintiff nothing for all hours worked. In fact, when the deductions and withholdings that Defendants took from Plaintiff are factored in, Defendants paid Plaintiff less than nothing for hours worked each week. At all times relevant, such an hourly rate falls. Habitually, over the course of Plaintiff's employment, Defendants made deductions and made withholdings from Plaintiff's pay. Such deductions and withholdings included, but were not limited to, late fees, stage fees and illness fines. These deductions and withholdings made by Defendants were never authorized by Plaintiff.

31. Defendants' taking of deductions and withholdings from Plaintiff's pay resulted in a failure by Defendants to pay Plaintiff all wages due and promised for worked performed as

required by the FLSA. Defendants' failure to pay Plaintiff all wages due for work performed, and taking of unauthorized and unlawful withholdings and deductions from Plaintiff's pay was willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendant, and was not in good faith and done with actual malice. Defendants made deductions from Plaintiff's pay by way of charges, fees, and fines mandated by Defendants to be paid by Plaintiff to Defendants. Defendants made these deductions from Plaintiff's pay without any purpose or excuse allowable under FLSA.

32. Defendants have failed and refused to compensate Plaintiff as required by the FLSA for numerous hours worked.  This failure and refusal to pay compensation as required by the FLSA was willful and intentional, and not in good faith and done with actual malice.

WHEREFORE, Plaintiff ask this court to Declare the actions of as described in the preceding paragraphs to be unlawful employment practices in violation of the laws of United States and hold Defendants liable to Plaintiff under Count I for unpaid minimum wages, illegal fees, in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), punitive damages, attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate and enter a judgment against Defendant.

### COUNT II
**Violation of Federal Fair Labor Standards Act**
**(Overtime)**
**(ALL DEFENDANTS)**

33.     Plaintiff re-alleges and reasserts each and every allegation set forth in Paragraphs 1-32 above, as if each were set forth herein.

34. Section 207(a)(1) of the FLSA provides that no employer shall employ any of its employees for a work week longer than forty (40) hours unless such employee receives compensation for her employment is excess of the hours above specified at a rate not less than the higher of one-and-one-half (1.5) times the regular rate at which she is employed or one-and-one half times the Federal Minimum Wage.

35. At all times, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendants were Plaintiff's "employers" under FLSA, 29 U.S.C. § 207(a)(2).

36. Defendants, as Plaintiff's employer, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1.5) times the higher of Plaintiff's regular rate of pay or the applicable federal minimum wage for all hours worked per week in excess of forty (40).

37. As set forth above, while in Defendants' employment, Plaintiff typically and customarily worked about ten (10) or more hours of overtime, each week.

38. As set forth above, Defendants failed and refused to compensate Plaintiff properly, and as required by the FLSA, for all overtime hours worked each week in excess of forty (40). Defendants' failure and refusal to pay Plaintiff as required by the FLSA for overtime hours worked each week was willful and intentional, and was not in good faith.

39. Defendants have failed and refused to compensate Plaintiff as required by the FLSA for numerous hours worked. This failure and refusal to pay compensation as required by the FLSA was willful and intentional, and not in good faith and done with actual malice.

WHEREFORE, Plaintiff asks this court to Declare the actions of as described in the preceding paragraphs to be unlawful employment practices in violation of the laws of United States and hold Defendants liable to Plaintiff under Count II for unpaid overtime wages in such amounts as

are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), punitive damages, attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate and enter a judgment against Defendants.

40.  Plaintiff demands a bench trial.

Respectfully submitted,

_____/s/_____
J. Wiggs, Esq.
The Wiggs Law Group, LLC
9701 Apollo Drive
Suite 301
Upper Marlboro, MD 20774
240-326-3711
Counsel for Plaintiff
Bar# 18231