IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TANAE TAYLOR                    *
                                *
v.                              *       Civil Action No. WMN-13-3706
                                *
PP&G, INC., et al.              *
                                *
    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

**MEMORANDUM**

Pending before the Court are a Motion to Dismiss for Failure to State a Claim or for Summary Judgment filed by Defendant Lisa Ireland, ECF No. 4, and a Motion to Dismiss Defendant PP&G, Inc.'s counterclaims for lack of jurisdiction filed by Plaintiff Tanae Taylor, ECF No. 8.  For the reasons stated herein, the Court determines that no hearing is necessary, Local Rule 105.6, Lisa Ireland's Motion to Dismiss will be denied, and Plaintiff's Motion to Dismiss will be denied.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Tanae Taylor ("Taylor") worked as an exotic dancer at Norma Jean's Nite Club from approximately December 2010 through December 2013.  Norma Jean's Nite Club is owned and operated by Defendant PP&G, Inc. ("PP&G"), which in turn is owned by Defendant Lisa Ireland ("Ireland").  Plaintiff alleges that Defendants improperly classified her as an independent contractor, rather than an employee, and thus failed to pay her

1

a minimum hourly wage under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA").  Additionally, Plaintiff contends that she worked in excess of 40 hours per week without receiving overtime compensation.

Plaintiff filed a Complaint against Defendants, alleging the following two counts: (I) Violation of Federal Fair Labor Standards Act – Minimum Wage; and (II) Violation of Federal Fair Labor Standards Act – Overtime.  Defendant PP&G filed a counterclaim, alleging that it had entered into a "contractual relationship" with Plaintiff under which she "agreed to provide entertainment services . . . solely as an independent contractor[]," agreed in consideration to permit Plaintiff to dance at Norma Jean's and accept gratuities from customers, and "reasonably relied on in good faith, and to their own detriment, the representations and the promises of . . . [Plaintiff's], to provide entertainment services as an independent contractor[]." ECF No. 3 ¶¶ 33-36.  Based on those allegations, PP&G asserts claims for breach of contract and unjust enrichment.

Defendant Lisa Ireland filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, a Motion for Summary Judgment, arguing that she is not an employer within the meaning of the FLSA.  Plaintiff filed a Motion to Dismiss Defendant PP&G's Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that this

2

Court lacks subject matter jurisdiction over PP&G's counterclaims.

I.   **LEGAL STANDARD**

Generally, in considering the sufficiency of a complaint to survive a 12(b)(6) motion to dismiss, the Court considers first whether the complaint contains "factual allegations in addition to legal conclusions." Robertson v. Sea Pines Real Estate Cos., 679 F.3d 278, 288 (4th Cir. 2012). Specifically, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," without "further factual enhancement," is not enough. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). Secondly, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). In order to state a plausible claim for relief, the factual allegations must "be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." Robertson, 679 F.3d at 288 (quoting Twombly, 550 U.S. at 555).

Although a Court is limited to the allegations in a Complaint in ruling on a motion to dismiss, if matters outside the pleadings are presented to and not excluded by the Court, it may treat the motion to dismiss as a motion for summary judgment

3

under Federal Rule of Civil Procedure 56.  <u>See</u> Fed. R. Civ. P.

12(d).  The purpose of summary judgment is to dismiss claims and

defenses that lack evidentiary support.  <u>Celotex Corp. v.</u>

<u>Catrett</u>, 477 U.S. 317, 323-24 (1986).  Accordingly, the Court

will grant a motion for summary judgment if "there is no genuine

dispute as to any material fact and the movant is entitled to

judgment as a matter of law."  Fed. R. Civ. P. 56.  In ruling on

a motion for summary judgment, all facts and inferences will be

drawn in the light most favorable to the non-moving party.

<u>Evans v. Techs. Applications & Serv. Co.</u>, 80 F.3d 954, 958 (4th

Cir. 1996).

        In ruling on a motion to dismiss a counterclaim for lack of

subject matter jurisdiction pursuant to Federal Rule of Civil

Procedure 12(b)(1), the burden rests on the defendant/counter-

plaintiff to establish jurisdiction by a preponderance of the

evidence.  <u>Adams v. Bain</u>, 697 F.2d 1213, 1219 (4th Cir. 1982).

Where the factual basis for subject matter jurisdiction is

challenged, "the district court should apply the standard

applicable to a motion for summary judgment, under which the

nonmoving party must set forth specific facts beyond the

pleadings to show that a genuine dispute of material fact

exists."  <u>Richmond, Fredericksburg & Potomac R.R. Co. v. United</u>

<u>States</u>, 945 F.2d 765, 768 (4th Cir. 1991) (citing <u>Trentacosta v.</u>

4

<u>Frontier Pacific Aircraft Indus.</u>, 813 F.2d 1553, 1558 (9th Cir. 1987)).

II.  <u>**ANALYSIS**</u>

**A. Ireland's Motion to Dismiss**

Defendant Ireland seeks dismissal of the Complaint in its entirety, or, in the alternative, summary judgment in her favor. She asserts that, because she does not control day to day operations at Norma Jean's and does not play a role in hiring or firing employees,[1] she is not an "employer" as that term is defined in the FLSA.

The FLSA defines an employer, in relevant part, as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). The definition of "employer" is "very broadly cast," and, as a result, courts have "found an employment relationship for purposes of the Act far more readily than would be dictated by common law doctrines." <u>Shultz v. Falk</u>, 439 F.2d 340, 344 (4th Cir. 1971) (citations omitted).

The "determination of whether an employer-employee relationship exists does not depend on 'isolated factors but

---

[1] Although the Court recognizes that PP&G argues that Plaintiff was an independent contractor and not an employee, the Court will, for purposes of clarity and simplicity, refer to the Plaintiff as an employee in its analysis of Ireland's claims. In so doing, it expresses no opinion as to the ultimate disposition of PP&G's argument on that point.

rather upon the circumstances of the whole activity.'"
Gionfriddo v. Jason Zink, LLC, 769 F. Supp. 2d 880, 890 (D. Md.
2011) (quoting Rutherford Food Corp. v. McComb, 331 U.S. 772,
730 (1947)).  To determine whether an individual or entity is an
employer, courts generally look to the economic reality of the
relationship between the parties, including whether the
individual has the authority to hire and fire employees,
supervises and controls work schedules or employment conditions,
determines the rate and method of payment, and maintains
employment records.  Caseres v. S & R Mgmt. Co., Civ. No. 12-cv-
01358-AW, 2012 WL 5250561, at *3 (D. Md. Oct. 24, 2012) (quoting
Khalil v. Subway at Arundel Mills Office Park, Inc., Civ. No.
CCB-09-158, 2011 WL 231793, at *2 (D. Md. Jan. 24, 2011)).
Courts have also looked to "the person's job description, his or
her financial interest in the enterprise, and whether or not the
individual exercises control over the employment relationship."
Gionfriddo, 769 F. Supp. 2d at 890.  A corporate officer may be
personally liable where he or she "exercises a high level of
control for the FLSA violations of a corporation." See Pearson
v. Professional 50 States Protection, LLC, Civ. No. RDB-09-3232,
2010 WL 4225533, at *4 (D. Md. Oct. 26, 2010) and cases cited
therein.

    The Court determines that Plaintiff's allegations, as set
forth in her Amended Complaint, are sufficient to withstand

Ireland's Motion to Dismiss.  In Plaintiff's Amended Complaint, she alleges that Ireland is the President of PP&G, Inc., and her duties include "developing the organization's vision and implementing the policies and procedures that allow that vision to be accomplished."  Am. Compl. ¶ 5.  Additionally, Plaintiff contends that Ireland "sets policies, and sets the direction of the company[, including] . . . determining or calculating and approving fees imposed upon Plaintiff as an exotic dancer."  Id. Plaintiff asserts that Ireland is involved in the "day-to-day operations," "oversees and controls all aspects," and has "a significant financial interest in PP&G, Inc."  Id.  Accordingly, the Court determines that the allegations in the Amended Complaint, when assumed to be true, sufficiently assert that Ireland exercised control over Norma Jean's and its employees to be considered an employer under the FLSA.

Although Ireland requests that the Court consider evidence outside the pleadings to convert the motion into one for summary judgment, the Court declines to do so.  Although the parties have attached depositions of Ireland and Walter Robinson from prior litigation, as well as an affidavit executed by Ireland, the Court finds that the factual record is insufficiently developed for the Court to determine whether Ireland is entitled to judgment as a matter of law.  See generally Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (noting that as a general

rule, summary judgment is appropriate only after "adequate time for discovery").  The parties did not produce evidence to prove or disprove many facts specific to Plaintiff's claim.  Because Ireland's status as an employer was not implicated in the <u>Butler</u> action, the Court does not believe that the <u>Butler</u> depositions explore sufficiently Ireland's relationship with PP&G to determine whether, as a matter of law, she is an employer under the FLSA.  Accordingly, because discovery in this action has not commenced, and the Court believes that it is reasonably likely that facts adduced during discovery will be helpful in determining whether Ireland is entitled to judgment as a matter of law, the Court declines to consider Ireland's motion as one for summary judgment at this time.

**B. Taylor's Motion to Dismiss**

Plaintiff filed a Motion to Dismiss Defendant PP&G's counterclaims for breach of contract and unjust enrichment under Federal Rule of Civil Procedure 12(b)(1).  Plaintiff contends that this Court does not have jurisdiction over PP&G's counterclaims.  Specifically, Plaintiff argues that PP&G's counterclaim is not compulsory and is not "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a). Plaintiff asserts that the only link between the FLSA claims and

PP&G's counterclaims is the parties' employment relationship, which Plaintiff contends is insufficient to establish jurisdiction.[2]

"In cases such as this one, where neither diversity nor federal question jurisdiction exists over defendant's counterclaims, the counterclaims' status as 'compulsory' or 'permissive' determines whether the court has jurisdiction over them." Williams v. Long, 558 F. Supp. 2d 601, 602-03 (D. Md. 2008) (citing Painter v. Harvey, 863 F.2d 329, 331 (4th Cir. 1988)).  Pursuant to Federal Rule of Civil Procedure 13(a), a compulsory counterclaim is one that, in relevant part, "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," while a permissive counterclaim

---

[2] Plaintiff also contends that PP&G is "judge shopping" by "failing to inform this court" of a recently-filed collective action regarding similar assertions in an action brought by a different attorney.  ECF No. 18 at 3-4.  To the extent that PP&G has an obligation to notify the Court of the relatedness of an action, that notification is required in the later-filed case. See Local Rule 103.1(b).

With respect to Plaintiff's contention that PP&G's counterclaims are intended to "chill" participation in a "very possible" collective action and will undermine "the goals of collective actions by increasing complexity, creating management difficulties, fragmenting the case into several individual disputes and discouraging participation," ECF No. 10-1 at 10-11, the Court notes at the outset that Plaintiff has not brought any collective action claims here.  Thus, the latter contentions are irrelevant.  Moreover, notwithstanding Plaintiff's contention that PP&G's counterclaims will "chill" participation in a collective action, the Court does not find dismissal of PP&G's counterclaims to be warranted.

does not.  "Accordingly, a compulsory counterclaim is 'within the ancillary jurisdiction of the court to entertain and no independent basis of federal jurisdiction is required.'  By contrast, a permissive counterclaim that lacks its own independent jurisdictional basis is not within the jurisdiction of the court."  <u>Williams</u>, 558 F. Supp. 2d at 603 (quoting <u>Painter</u>, 863 F.2d at 331).  If the Court determines that a counterclaim without an independent jurisdictional basis is permissive, "it is also concluding that the claim and counterclaim did not 'derive from a common nucleus of operative fact' (and thus that the court lacks supplemental jurisdiction over the counterclaim)."  <u>Id.</u> at 603 n.1.

In determining whether a counterclaim is compulsory, courts consider the following four inquiries:

> (1) Are the issues of fact and law raised in the claim and counterclaim largely the same? (2) Would res judicata bar a subsequent suit on the party's counterclaim, absent the compulsory counterclaim rule? (3) Will substantially the same evidence support or refute the claim as well as the counterclaim? and (4) Is there any logical relationship between the claim and counterclaim?

<u>Painter</u>, 863 F.2d at 331 (citing <u>Sue & Sam Mfg. Co. v. B-L-S Constr. Co.</u>, 538 F.2d 1048, 1051-53 (4th Cir. 1976)).  "A court need not answer all these questions in the affirmative for the counterclaim to be compulsory."  <u>Id.</u>

PP&G contends that this Court may exercise supplemental jurisdiction over its counterclaims because they arise from the "common nucleus of operative facts" of Plaintiff's FLSA claims. Specifically, PP&G argues that the employment relationship between the parties is "but one of the operative facts" which creates a nexus between the parties' claims, noting that it seeks a set off against any wages and/or "other accouterments of employment" to which Plaintiff may be entitled of "those service charges or performance fees which were received by Ms. Taylor but were not remitted to PP&G."  ECF No. 11-1 at 6. Accordingly, PP&G argues, both the FLSA claims and counterclaims will "focus on the issues concerning the number of hours Ms. Taylor allegedly performed at the Club, whether or not Ms. Taylor was paid for her work by PP&G, and issues related to PP&G's compensation practices."  Id.

The Court agrees that the issues of fact and law raised by the Plaintiff's claims and PP&G's counterclaims are largely the same.  Plaintiff asserts that PP&G failed to pay her minimum wage and/or overtime compensation, while Defendant seeks a set off in the amount of performance fees earned by Plaintiff during the course of her employment.  Although "[f]ederal courts have been reluctant to exercise supplemental jurisdiction over state law claims and counterclaims in the context of an FLSA suit where the only connection is the employee-employer

relationship," Williams, 558 F. Supp. 2d at 604, that is simply not the case here.  PP&G's counterclaim is not related to Plaintiff's claims on the basis of the employer-employee relationship alone; rather, PP&G's ability to recover on its claim appears to the Court to be partially dependent on Plaintiff prevailing on her claim that she is entitled to wages. Specifically, absent a finding that Plaintiff is an employee entitled to wages, PP&G's assertion that Plaintiff was unjustly enriched by the award of minimum wages in addition to performance fees appears moot.  With respect to PP&G's claim for breach of contract, it appears to concern the agreement allegedly signed by Plaintiff which PP&G maintains established her status as an independent contractor.  Accordingly, the issues of fact and law raised by PP&G's counterclaims are largely the same as those raised in Plaintiff's FLSA claims.

With regard to the second inquiry – whether res judicata would bar the counterclaims if not asserted in the present action – the Court does not find a res judicata bar conclusive as to whether the counterclaim is permissive or compulsory.  In Maryland, the doctrine of res judicata "bars the relitigation of a claim if (1) the parties in the present litigation are the same or in privity with the parties to the earlier litigation; (2) the claim presented in the subsequent action is 'identical to that determined or that which could have been raised and

determined in the prior litigation'; and (3) there was a final judgment on the merits in the prior litigation." Williams, 558 F. Supp. 2d at 605 (quoting R & D 2001 LLC v. Rice, 938 A.2d 839, 848 (Md. 2008)). Here, the first and third elements would be satisfied, because the parties would be the same and presumably a final judgment on the merits would have been entered. Assuming that res judicata would not bar a subsequent state court action, however, the Court cannot accept Plaintiff's argument for dismissal of PP&G's claims simply on res judicata grounds. See Painter, 863 F.2d at 333 (noting the difficulty of "using a res judicata test to distinguish between permissive and compulsory counterclaims" and stating that, assuming the counterclaim "might still be brought in state court, the res judicata test cannot be the controlling one").

As to the final two inquiries, the Court finds that each support a finding that this Court may exercise jurisdiction over PP&G's counterclaims. Although the evidence in support of damages for PP&G's counterclaims might be somewhat different than that set forth in support of damages for Plaintiff's claims, evidence of the agreement signed and the behavior of the parties is relevant regarding the liability aspects of each parties' claims. The Court sees no reason to duplicate consideration of that evidence. Similarly, the Court finds that a logical relationship exists between the claims and

13

counterclaims.  As noted <u>supra</u>, PP&G's counterclaims do not rely simply on the employer-employee relationship to "single-handedly create[] a common nucleus of operative fact. . . ."  <u>Williams</u>, 558 F. Supp. 2d at 606 (quoting <u>Wilhelm v. TLC Lawn Care, Inc.</u>, Civ. No. 07-2465-KHV, 2008 WL 640733, at *3 (D. Ks. Mar. 6, 2008)).  To the contrary, PP&G's counterclaims are intertwined with the issues set forth in Plaintiff's FLSA claims. Accordingly, the Court concludes that PP&G's counterclaims are compulsory, and thus, it has jurisdiction over them.  Therefore, the Court will deny Plaintiff's motion to dismiss.

**III. <u>CONCLUSION</u>**

For the foregoing reasons, Ireland's Motion to Dismiss or in the alternative for Summary Judgment will be denied, and Plaintiff's Motion to Dismiss will be denied.  A separate order will issue.

_____/s/_____

William M. Nickerson
Senior United States District Judge

DATED:   April 2, 2014