IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TANAE TAYLOR

Plaintiff,

v.

PP&G, INC.
d.b.a. NORMA JEAN'S NITE CLUB

and

LISA DIANE IRELAND

Defendants.

Civil Action No. 1:13-cv-03706-WMN

**PLAINTIFF/COUNTERCLAIM DEFENDANT'S ANSWER TO DEFENDANT/COUNTERCLAIM PLAINTIFF'S COUNTERCLAIMS**

Plaintiff/Counterclaim Defendant, Tanae Taylor, by and through her undersigned counsel, hereby submits Plaintiff's Answer and Defenses to the Counterclaims brought against Plaintiff by Defendant / Counterclaim Plaintiff PP&G, LLC ("Defendant") as follows:

1. Denied.

2. Admit.

.

**ALLEGED FACTS COMMON TO ALL COUNTERCLAIMS**

3. Denied.

4. Denied. Plaintiff performed work duties for Defendant at all times relevant as an employee and was never bound by an alleged Agreement.

5. Plaintiff admits Defendant never paid Plaintiff any wages and the only money Plaintiff ever received was from Defendant's customers in the form of tips. Plaintiff further denies the validity and enforceability of any alleged contract.

6. Denied.

7. Plaintiff denies the characterization of the monies Plaintiff paid Defendant to perform her work duties as an employee for Defendant but do admit that Plaintiff paid fees to work for Defendant.

8. Plaintiff does not have sufficient information to admit or deny this allegation as alleged.

9. Plaintiff admits she danced on stage and received tips from customers. Plaintiff denies the remaining allegations.

10. Plaintiff admits she performed private and semi-private dances. Plaintiff denies the remaining allegations.

11. Plaintiff does not have sufficient information to admit or deny this allegation as alleged.

12. Denied.

13. Denied.

14. Denied.

.

15. Denied.

16. Admit.

17. Denied.

18. Plaintiff admits that the only compensation they received during the course of her employment was tips from Defendant's customers and that Defendant never paid Plaintiff any wages. Plaintiff denies the remaining allegation.

19. Plaintiff does not have sufficient information to admit or deny this allegation as alleged.

20. Denied.

21. Denied.

22. Denied.

23. Denied

24. Denied. Plaintiff received no wages and no other compensation from Defendant. Had Defendant paid Plaintiff at the minimum wage rate, Plaintiff would have received cash wages at least equal to the minimum wage, retained all tips from customers, and not paid Defendant fines, fees, charges, or portions of their tips for work duties performed.

25. Denied

26. Denied.

27. Denied.

28. Denied.

29. Denied.

.

30. Denied.

31. Denied.

**BREACH OF CONTRACT**

32. Plaintiff incorporates herein by reference each and every paragraph above as though fully set forth herein.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

**COUNT II**

**UNJUST ENRICHMENT**

41. Plaintiff incorporates herein by reference each and every paragraph above as though fully set forth herein.

42. Denied.

43. Denied.

44. Denied.

45. Denied

**RES PONS E S T O DE FE NDANT 'S PRAYER FOR REL IE F**

Plaintiff denies Defendant's need, entitlement, or right to relief requested in Defendant's prayers for relief.

**AFFIRMATIVE AND NEGATIVE DEFENSES**

1. Defendant's counterclaims fail to state a claim upon which relief can be granted. On Thursday evening, November 7, 2013, in *Unique Butler v. PP &G, Inc.* (WMN-13-430), Senior United States District Judge, William M. Nickerson, held that exotic dancers at (or "strippers") at Defendant's establishment are employees, and not independent contractors, under the federal Fair Labor Standards Act (FLSA). Judge Nickerson also held that the Defendant PP&G, Inc. is liable to dancer for Liquidated Damages Under the FLSA.

2. Defendant's counterclaim is bared by the equitable doctrines of unclean hands, estoppel, waiver, and laches.

3. To the extent that Defendant is entitled to any relief, such relief must be deducted from the substantial sums Defendant owes Plaintiff as alleged Plaintiff's Complaint.

4. If Plaintiff owed any duty to Defendant, such duty has been fully performed, satisfied, and/or discharged.

5. Any breach of any agreement by Plaintiff is excused due to Defendant's prior material breach of agreements between Plaintiff and Defendant.

6. Defendant's claims for relief against Plaintiff are bared by applicable statutes of limitations.

7. Defendant's claims fail and are without legal merit because each counterclaim is in the nature of indemnification for Defendant's violation of the FLSA and is thus improper and legally inapposite. *See Lyle v. Food Lion, Inc.,* 954 F.2d 984, 987 (4th Cir. 1992).

8. Defendant's claims fail and are without legal merit because the underlying notion of each counterclaim is that Plaintiffs agreed to be treated as independent contractors, and not FLSA employees, and so waived their right to the protections of the FLSA. This is a legal impossibility as the right to minimum wage and overtime compensation under the FLSA "cannot be waived by agreement between the employee and his employer." *Brooklyn Bank v. O'Neil*, 324 U.S. 697 (1945); *Mayhue's Super Liquor Stores, Inc. v. Hodgson,* 464 F.2d 1196, 1197 and n.1 (5th Cir. 1972). On November 7, 2013, in *Unique Butler v. PP&G, Inc.* (WMN-13-430), Senior United States District Judge, William M. Nickerson, held that exotic dancers at (or "strippers") at Defendant's establishment are employees, and not independent contractors, under the federal Fair Labor Standards Act (FLSA). Judge Nickerson also held that the Defendant PP&G, Inc. is liable to dancer for Liquidated Damages Under the FLSA.

9. Defendant's claims fail and are without legal merit because the underlying notion of each counterclaim is to recover money that is properly described as "tips" and not "services fees" and, as a consequence, Defendant has no legal or contractual right to recover this money or viable argument that this money can offset Defendant's wage obligation. *See Reich v. ABC/York-Estes Corp.*, 1997 WL 264379 at *5 (N.D. Ill. May 12, 1997). On September 10, 2013 in Hart v. *R*ick's Cabaret Int'l, Inc., (PAE-09-3043), District Judge, Paul A. Engelmayer, held that Rick's NY's obligation under the FLSA to pay minimum-wage wage was not discharged by customers' payment to the dancers of "performance fees."

10. Defendant's counterclaim is barred by accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, failure of consideration, fraud, illegality, injury by fellow servant, license, payment, release, res judicata, statute of frauds, and accord and satisfaction.

11. Plaintiff reserves the right to assert additional defenses, as appropriate.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for judgment against Defendant as follows:

1. For an Order dismissing Defendant's counterclaims with prejudice, and entering judgment in favor of Plaintiff and against Defendant;

2. For all costs, disbursements, and reasonable attorney's fees incurred by Plaintiffs in connection with the defense of Defendant's counterclaims; and

3. For any other such further relief this Court deems appropriate.

Respectfully submitted,

/s/

J. Wiggs, Esq.
The Wiggs Law Group, LLC
9701 Apollo Drive
Suite 301
Upper Marlboro, MD 20774 240-326-3711
Bar#18231
Counsel for Plaintiff/Counterclaim Defendant